FILED
SUPERIOR COURT
OF GUAM

2020 OCT -2 PM 1:08

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| THE PEOPLE OF GUAM | CRIMINAL CASE NO. CF0112-20 |
|---|---|
| vs. | |
| **DUAYNE RICHARD PETERS**, DOB: 03/24/1974 | **DECISION AND ORDER** |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on September 29, 2020, upon the Defendant Duayne Richard Peters' *Ex Parte* Motion for Modification of Release Conditions filed August 3, 2020. Defendant Duayne Richard Peters ("Defendant") is represented by Attorney Samuel S. Teker. Assistant Attorney General Christine S. Tenorio represented the People of Guam ("the People"). Having reviewed the pleadings and having heard oral arguments in this matter, the Court issues the following Decision and Order.

## BACKGROUND

On February 21, 2020, the Defendant was charged via Indictment with: 1) 5 Counts of First Degree Criminal Sexual Conduct (as a First Degree Felony) with Special Allegation: Vulnerable Victim; and 2) 3 Counts of Second Degree Criminal Sexual Conduct (as a First Degree Felony) with Special Allegation: Vulnerable Victim[1]. *See* Indictment (Feb. 21, 2020).

---

[1] Co-Defendant Natasha Renee Quitugua Peters was also charged in the same Indictment with: 1) 2 Counts of First Degree Criminal Sexual Conduct via Complicity (as a First Degree Felony) with Special Allegation: Vulnerable Victim; and 2) 2 Counts of Second Degree Criminal Sexual Conduct via Complicity (as a First Degree Felony) with Special Allegation: Vulnerable Victim. On September 29, 2020, the Court granted Defendant's Motion to Sever. The case against Defendant Natasha is now denoted as Criminal Case No. CF0112-20-01.

According to the Declaration attached to the Magistrate's Complaint, the charges against the Defendant are based on several allegations that the Defendant sexually assaulted a female minor known to him over a prolonged period of time. *See* Magistrate's Complaint (Apr. 29, 2020). The Defendant was arrested and committed at the Department of Corrections on February 22, 2020, pending the posting of Fifty-Thousand Dollars ($50,000.00) cash bail. *See* Commitment Order (Feb. 22, 2020). The Defendant was also ordered to have no contact with the victim and the co-defendant in this matter.

On April 9, 2020, the Defendant filed a Motion for Reduction of Bail and Release. The Court granted the Defendant's motion on April 15, 2020, and reduced the bail bond to Twenty Thousand Dollars ($20,000.00) cash. That same day, the Defendant posted the $20,000.00 cash bail plus a convenience fee in the amount of Five Hundred Dollars ($500.00). Consequently, the Court released the Defendant subject to electric monitoring and supervision by third party custodians ("TPC"). Additionally, the Defendant was placed on house arrest and was ordered to not have contact with the victim or any minors. *See* Order of Conditional Release and Appearance Bond (Apr. 17, 2020).

On August 3, 2020, the Defendant filed the instant *Ex Parte* Motion for Modification of Release Conditions. In his motion, the Defendant requests that the Court modify his release conditions by lifting the house arrest condition for the limited purpose of taking his mother to the doctor and to assist her in household errands away from the home. Additionally, the Defendant moves the Court to allow him to have contact with his two (2) minor sons. The People did not file a written Opposition to the Defendant's motion. However, at the motion hearing on September 29, 2020, the People noted their opposition. At the conclusion of the hearing, the Court took the matter under advisement.

## DISCUSSION

Guam law provides that "[a] person for whom conditions of release are imposed . . . and who after twenty-four (24) hours from the time of release hearing continues to be detained as a result of his inability to meet the conditions of release, shall, upon application, be entitled to have the conditions reviewed by the Court." 8 GCA § 40.50.

Section 40.15 of Title 8 of the Guam Code states, that the Court must "order the person charged to be released on recognizance, *unless the judge determines*, in his discretion, on the basis of available information, that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 8 GCA § 40.15(b) (emphasis added). Further, Guam law requires that the Court impose the least onerous conditions necessary to ensure the person appears in court and to keep the community safe. 8 GCA § 40.20; *see Guam v. Song*, 2011 Guam 19 ¶ 11. In making such determination, the Court must consider the nature of the offense charged, the apparent possibility of conviction, and the likely sentence. 8 GCA § 40.15(c)(1). The Court must also consider a series other factors, such as the history and characteristics of the person charged, his reputation and character, his prior criminal record, any records of prior release on recognizance or on bail, and any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or any member of the community. *Id.* at (c)(2) through (6).

Here, the Court recognizes that the Defendant has no prior convictions and that he currently has no reported violations of his release conditions. However, due to the severity of the charges in this matter and the seriousness of the alleged acts set out in the charging documents, the Court finds that the Defendant's current pretrial conditions imposed by the Court on April 17, 2020, are sufficient and necessary to protect the victim and to ensure the safety of the community. Further, regarding the Defendant's request for contact with his minor sons, the People have stated that the Defendant's minor sons are potential witnesses in this matter. Thus, in consideration of the factors above, the Court finds that modifying the Defendant's current pretrial release conditions are unwarranted at this time. Accordingly, the Court hereby **DENIES** the Defendant's *Ex Parte* Motion for Modification of Release Conditions.

## CONCLUSION

For the reasons set forth above, the Defendant's *Ex Parte* Motion for Modification of Release Conditions is **DENIED**.

//

//

**IT IS SO ORDERED** ___OCT 0 2 2020___ .


_____

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:
AG Prosecution,
Sam Teker
Date: 10/2/20 Time: 1:13 pm
Antonio A. Cruz
Deputy Clerk, Superior Court of Guam